-1-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| G.I. SPORTZ INC. <br> GI SPORTZ DIRECT LLC; <br><br> *Plaintiffs*, <br><br> v. <br><br> VALKEN INC., <br><br> *Defendant.* | Civil Action No. _____ <br><br> JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiffs G.I. Sportz Inc. and GI Sportz Direct LLC (collectively "Plaintiffs") by and through their undersigned counsel, file this Complaint against Defendant, Valken Inc. ("Defendant"), and allege as follows:

## NATURE OF THE ACTION

1. This is an action for infringement of U.S. Patent No. 6,644,295 and U.S. Patent No. 6,901,923 in violation of 35 U.S.C. § 271.

## PARTIES

2. G.I. Sportz Inc. is a Canadian corporation with a principal place of business at 6000 Kieran, Ville St Laurent, Quebec H4S 2B5, CANADA.

3. GI Sportz Direct LLC is a Delaware Limited Liability company with a principal place of business at 570 Mantua Boulevard, Sewell, New Jersey 08080. GI Sportz Direct LLC is a wholly-owned subsidiary of G.I. Sportz, Inc., and is the

-1-

survivor of, and the predecessor-in-interest of, all rights in and to KEE Action Sports, LLC ("KEE Action").

4. Upon information and belief, Defendant Valken Inc., is a New Jersey corporation with its principal place of business at 1 Hawk Court, Swedesboro, New Jersey 08085.

## JURISDICTION AND VENUE

5. This is a civil action arising under the Patent Laws of the United States of America, 35 U.S.C. § 101, *et seq*.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

7. This Court has personal jurisdiction over Defendant because Defendant, *inter alia*, is a New Jersey corporation with its principal place of business in New Jersey, resides in this District, and has committed acts of infringement in this District that give rise to the claims alleged herein.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and § 1400(b).

## ASSERTED PATENTS

9. Plaintiffs are an industry leader in the field of recreational compressed gas operated guns that fire non-lethal projectiles.

10. On November 11, 2003, the USPTO duly and legally issued U.S. Patent No. 6,644,295 (the "'295 Patent"), entitled "Pneumatic Assembly for a Paintball Gun." A copy of the '295 Patent is attached as Exhibit A.

11. On June 7, 2005, the USPTO duly and legally issued U.S. Patent No. 6,901,923 (the "'923 Patent"), entitled "Pneumatic Assembly for a Paintball Gun." A copy of the '923 Patent is attached as <u>Exhibit B</u>.

12. Plaintiffs are the owners by assignment of the '295 Patent and the '923 Patent (collectively, the "Asserted Patents") and have standing to sue for infringement of the Asserted Patents.

## DEFENDANT'S INFRINGING ACTS

13. Defendant is making, using, selling, and/or offering to sell pneumatic assemblies for recreational compressed gas operated guns that are covered by one or more claims of the Asserted Patents, including but not limited to the V12 Valken Airsoft Engine ("V12 Engine") and compressed gas guns using the V12 Engine (collectively, the "Accused Products").

14. Among its various methods of sale, Defendant has been selling the Accused Products through various marketing and retail channels, including online stores, such as, without limitation, valken.com, evike.com, and airrattle.com. For example, a printout taken from Defendant's website at valken.com showing the V12 Engine offered for sale is attached as <u>Exhibit C</u>.

15. On May 31, 2017, counsel for Plaintiff s sent a cease and desist letter to Defendant, a copy of which is attached as <u>Exhibit D</u>, providing notice of the Asserted Patents and demanding that Defendant immediately cease and desist from the manufacture, use, sales, and offers for sale of the Accused Products.

-3-
4770235-1

16. Upon information and belief, Defendant has not complied with the Plaintiffs' demand, and continues to infringe Plaintiff's rights in the Asserted Patents.

17. Defendant had knowledge of the Asserted Patents since at least May 20, 2014, when it entered into a Settlement Agreement and License Agreement with Plaintiffs' predecessor-in-interest, KEE Action, referencing the Asserted Patents (the "2014 Agreement").

18. The 2014 Agreement was expressly terminated by Plaintiffs on October 11, 2016 due to Defendant's breach of the 2014 Agreement.

19. Defendant's continued sales and offers for sale of its Accused Products was and is with full knowledge of the Asserted Patents, and was and is with the intent and for the purpose, and has had the effect, of knowingly and wrongfully infringing the Asserted Patents.

20. All such conduct by Defendant was and continues to be willful, deliberate and in knowing violation of Plaintiffs' rights in the Asserted Patents.

## COUNT I

### Infringement of U.S. Patent No. 6,644,295

21. The allegations of paragraphs 1 through 20 are incorporated herein by reference as though fully set forth herein.

22. The Accused Products are covered by one or more claims of the '295 Patent.

23. Defendant has engaged and is engaging in unauthorized conduct and activities that violate 35 U.S.C. § 271(a), constituting direct infringement of one or more claims of the '295 Patent, both literally and/or under the doctrine of equivalents by selling, offering to sell, using, making and/or importing the Accused Products in the United States.

24. Defendant's Accused Products are covered by and infringe one or more claims of the '295 Patent. Below is annotated illustration of a deconstructed V12 Engine and a claim chart demonstrating how the V12 Engine is covered by at least claim 1 of the '295 Patent:

### V12 Engine





4770235-1

| Claim 1 of the '295 Patent | V12 Engine |
|---|---|
| An electro-pneumatic paintball gun comprising: | The V12 Engine is an electro-pneumatic gun. |
| a housing; | The V12 Engine includes a housing (A). |
| a chamber located within said housing; | The V12 Engine includes a chamber (B) located within said housing (A). |
| a pneumatic assembly disposed within said chamber, said pneumatic assembly comprising | The V12 Engine includes a pneumatic assembly (C) disposed within said chamber (B). |
| a firing valve, | The V12 Engine includes a firing valve (D), also referred to as a poppet valve. |
| a compressed gas storage area, and | The V12 Engine includes a compressed gas storage area (E). |
| a bolt, wherein the bolt is configured to be disposed in a closed position before a launching sequence is initiated; and | The V12 Engine includes a bolt (F) wherein the bolt (F) is configured to be disposed in a closed position before a launching sequence is initiated. |
| an electro-pneumatic valve configured to actuate the firing valve. | The V12 Engine includes an electro-pneumatic valve (G) configured to actuate the firing valve (D). |

25. The only commercial uses of the Accused Products are as a pneumatic assembly for a recreational gun or a recreational gun including such pneumatic assembly, both of which are covered by one or more claims of the '295 Patent.

26. Because the sole intended use of the Accused Products is an infringing use, the Accused Products have no substantial non-infringing uses.

27. Defendant has induced infringement of the '295 Patent pursuant to 35 U.S.C. § 271(b) because, with knowledge of the '295 Patent, it intentionally and actively induced end users of the Accused Products to use them in a manner that infringes the '295 Patent with specific intent that they do so.

28. Defendant has further induced infringement of the '295 Patent by selling the Accused Products to distributors, retailers, and other resellers with

specific intent that they infringe the '295 Patent by reselling the Accused Products to others.

29. Defendant has contributed to infringement of the '295 Patent pursuant to 35 U.S.C. § 271(c) by selling the V12 Engine, which has no substantial use other than an infringing use, for use with a recreational gun.

30. Defendant's infringement of the '295 Patent has caused and will continue to cause Plaintiffs irreparable harm for which there is no adequate remedy at law.

31. Plaintiffs have been injured by Defendant's infringement of the '295 Patent and will continue to be injured by Defendant's infringement of the '295 Patent unless enjoined from further infringement by this Court.

32. Plaintiffs have sustained damages as a direct and proximate results of Defendant's infringement of the '295 Patent.

33. Defendant's acts of infringement are willful and in disregard of Plaintiff's rights accorded by the '295 Patent, and this case is exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II

### Infringement of U.S. Patent No. 6,901,923

34. The allegations of paragraphs 1 through 33 are incorporated herein by reference as though fully set forth herein.

35. Defendant has engaged and is engaging in unauthorized conduct and activities that violate 35 U.S.C. § 271(a), constituting direct infringement of the '923

Patent, both literally and/or under the doctrine of equivalents by selling, offering to sell, using, making and/or importing the Accused Products in the United States.

36. Defendant's Accused Products are covered by and infringe one or more claims of the '923 Patent. Below is annotated illustration of a deconstructed V12 Engine and a claim chart demonstrating how the V12 Engine is covered by at least claim 1 of the '923 Patent:

**V12 Engine**



| Claim 1 of the '923 Patent | V12 Engine |
|---|---|
| An in-line pneumatic assembly for a paintball gun, comprising: | The V12 Engine is an in-line pneumatic assembly for a gun |
| a gas storage area configured to receive compressed gas from a regulated gas supply; | The V12 Engine includes a gas storage area (A) configured to receive compressed gas from a regulated gas supply (B). |
| a valve comprising a first surface area and a second surface area, wherein the first surface area is smaller than the second surface area, wherein the first surface area is configured to receive a substantially constant supply of compressed gas, and | The V12 Engine includes a valve (C) comprising a first surface area (D) and a second surface area (E), wherein the first surface area (D) is smaller than the second surface area (E), wherein the first surface area (D) is configured to receive a substantially constant supply of compressed gas. |

4770235-1

| Claim 1 of the '923 Patent | V12 Engine |
|---|---|
| wherein the second surface area is configured to selectively receive compressed gas of the same pressure to actuate the valve; and | The second surface area (E) is configured to selectively receive compressed gas of the same pressure to actuate the valve (C). |
| a bolt configured to slide between a forward and a rearward position and to transmit compressed gas from the compressed gas storage area when the valve is actuated. | The V12 Engine includes a bolt (F) configured to slide between a forward and a rearward position and to transmit compressed gas from the compressed gas storage area (A) when the valve (C) is actuated. |

37. The only commercial uses of the Accused Products are as a pneumatic assembly for a recreational gun or a recreational gun including such pneumatic assembly which are covered by one or more claims of the '923 Patent.

38. Because the sole intended use of the Accused Products is an infringing use, the Accused Products have no substantial non-infringing uses.

39. Defendant has induced infringement of the '923 Patent pursuant to 35 U.S.C. § 271(b) by selling the Accused Products to distributors, retailers, and other resellers with specific intent that they infringe the '923 Patent by reselling the Accused Products to others.

40. Defendant has contributed to infringement of the '923 Patent pursuant to 35 U.S.C. § 271(c) by selling the V12 Engine, which has no substantial use other than an infringing use, for use with a recreational gun.

41. Defendant's infringement of the '923 Patent has caused and will continue to cause Plaintiffs irreparable harm for which there is no adequate remedy at law.

42. Plaintiffs have been injured by Defendant's infringement of the '923 Patent and will continue to be injured by Defendant's infringement of the '923 Patent unless enjoined from further infringement by this Court.

43. Plaintiffs have sustained damages as a direct and proximate results of Defendant's infringement of the '923 Patent.

44. Defendant's acts of infringement are willful and in disregard of Plaintiff's rights accorded by the '923 Patent, and this case is exceptional within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. A finding that Defendant has directly infringed one or more claims of the Asserted Patents under 35 U.S.C. § 271(a).

2. A finding that Defendant has induced infringement of one or more claims of the Asserted Patents under 35 U.S.C. § 271(b).

3. A finding that Defendant has contributed to the infringement of one or more claims of the Asserted Patents under 35 U.S.C. § 271(c).

4. A finding that Defendant's infringement is willful.

5.     Award Plaintiffs all damages adequate to compensate for Defendant's infringement, and in no event less than a reasonable royalty for Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law.

6.     Award Plaintiffs treble damages based on any infringement found to be willful pursuant to 35 U.S.C. § 284, together with pre-judgment interest.

7.     A finding that this is an exceptional case and award Plaintiffs all of their costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285.

8.     Preliminary and permanent injunctive relief enjoining Defendant, its agents, officers, sales representatives, servants, employees, associates, attorneys, successors and assigns, and any and all persons or entities acting by, through, under or in active concert or in participation with any or all of them, from: (i) making, using, selling, offering to sell, or importing into the U.S. any device covered by the Asserted Patents under; or (ii) otherwise directly or indirectly infringing the Asserted Patents.

9.     Order that Defendants to take all necessary and appropriate steps to recall for destruction all goods infringing the Asserted Patents.

10.    Award Plaintiffs such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand trial by a jury on all claims to which it is entitled.

Respectfully submitted,

Dated: August 2, 2017       By: /s/ *Ryan W. O'Donnell*
                                Ryan O'Donnell (NJ ID 23982002)
                                VOLPE AND KOENIG, P.C.
                                212 Carnegie Center, Suite 202
                                Princeton, NJ 08540
                                RODonnell@vklaw.com
                                Phone: 609-924-0109
                                Fax: 609-924-7902

                                *Attorneys for Plaintiff*
                                *G.I. Sportz Inc.*
                                *GI Sportz Direct LLC*